UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ALLISON FROMM
as Qualified Beneficiary, et al.,

        Plaintiffs,

        v.                                Civ. Nos. 19-1121 (EGS)
                                                    19-1124 (EGS)
JAMES P. DUFFY, III
as Trustee of the
Gary Fromm Family Trust

        Defendant.
```

**MEMORANDUM OPINION**

Plaintiffs Allison Fromm, Elizabeth Fromm, and K.I.F., Ms. Allison Fromm's minor daughter, bring this lawsuit against James P. Duffy, III, Independent Trustee of the Allison Fromm Family Trust. Plaintiffs seek to remove Mr. Duffy as Independent Trustee pursuant to the Uniform Trust Code § 19-1301, et seq. ("UTC") which grants a court the authority to remove a trustee when, among other things, the trustee has committed a serious breach of trust. D.C. Code § 19-1307.06.

Pending before the Court are plaintiffs' motion to remand for lack of subject matter jurisdiction, or, in the alternative, to strike defendant's notice of removal and to remand back to the Superior Court of the District of Columbia; and defendant's motion to dismiss, or, in the alternative, to transfer venue to the Eastern District of New York. Upon consideration of the

motions, the responses and replies thereto, the applicable law, and the entire record, the Court will **GRANT IN PART** plaintiffs' motion for remand, and **DENY** defendant's motion to dismiss or in the alternative to transfer venue.

**I. Background**

Defendant James P. Duffy is the sole Independent Trustee of the Allison Fromm Family Trust ("Trust"). Compl., ECF No. 1-1 ¶ 11.[1] Plaintiff Allison Fromm is the Individual Trustee of the Trust and has served in that capacity since March 22, 1985. *Id.* ¶ 8. Ms. Fromm, and her daughter K.I.F., are the lifetime discretionary beneficiaries of the Trust. *Id.* ¶ 7. The purpose of the Trust is to provide for the welfare of Ms. Fromm during her lifetime, future members of her family following her death, and to "provide a vehicle whereby all monies coming to [Ms. Fromm] by and through her family are, to the fullest extent practicable, preserved intact and transmitted to future generations of [Ms. Fromm's] family." *Id.* ¶ 12. The Trust assets are managed by BNY Mellon Wealth Management ("BNY"), which provides services such as investment, day-to-day management of the Trust's assets, and information management. *Id.* ¶ 13.

---

[1] Mr. Duffy has also removed a related case to this Court that is docketed as Civil Action No. 19-cv-1124 (EGS). The parties have filed nearly identical motions in each case, and the complaints are also nearly identical. Unless otherwise noted the Court refers to the Complaint and motions filed in Civil Action No. 19-cv-1124 (EGS).

2

Mr. Duffy also provides "professional services" in connection to the Trust for which he charges fees in excess of $24,000 per year. *Id.* ¶ 14. These services include review and consideration of the Trust's month end statements from BNY, and review and consideration of various communications received from BNY. *Id.* In 2010, BNY advised Mr. Duffy that the Fromm family wanted him to resign because his fees were excessive. *Id.* ¶ 15. Mr. Duffy refused, citing among other reasons, the lack of a suitable replacement as Independent trustee. *Id.*

The Trust was drafted by Mr. Duffy in the mid-1980's, who, at the time, was a licensed attorney admitted to practice law in New York State. *Id.* ¶ 6. For reasons unrelated to the pending motions, Mr. Duffy was disbarred from the practice of law in April of 2014. *Id.* ¶ 16. In May and June 2014, BNY and the Fromm family resumed discussions related to appointing a different Independent Trustee. *Id.* ¶ 17. Four years later, in the last quarter of 2018, BNY discovered that Mr. Duffy was disbarred. *Id.* ¶ 20. In a letter dated January 16, 2019, BNY informed Mr. Duffy that its policies required him to either resign as Independent Trustee or remove the Trust account from BNY's management. *Id.* On that same date, plaintiffs, through their attorney Mr. Peter D. Randolph, wrote to Mr. Duffy requesting that he resign as Independent Trustee and that he appoint Mr. Randolph as his successor. *Id.* ¶ 24. Approximately three weeks

3

later, plaintiffs' attorney emailed Mr. Duffy and again requested his resignation and the appointment of Mr. Randolph. *Id.* ¶ 26. Mr. Duffy did not respond to the two January 16 letters or to the February 8 email, nor did he communicate to Ms. Fromm or her attorneys since receipt of the January 16 letters. *Id.* ¶¶ 21, 25–26.

Unable to come to a resolution with Mr. Duffy, plaintiffs filed suit in the Superior Court of the District of Columbia, Probate Division on March 12, 2019. *See* Not. Of Removal, ECF No. 1 ¶ 1. Seeking to remove Mr. Duffy as Independent Trustee, plaintiffs brought suit under the Uniform Trust Code which provides a Court with the authority to remove a trustee where (1) "[t]he trustee has committed a serious breach of trust;" (2) "[l]ack of cooperation among cotrustees substantially impairs the administration of the trust;" (3) "[b]ecause of unfitness . . . the court determines that removal of the trustee best serves the interests of the beneficiaries;" or (4) "removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all the beneficiaries and is not inconsistent with a material purpose of the trust, and a suitable co-trustee or successor trustee is available." District of Columbia Code § 19-1307.06(b).

Mr. Duffy, appearing *pro se*, removed the Superior Court action to this Court. *See* Not. of Removal, ECF No. 1 ¶ 1. His

alleged basis for removal was 28 U.S.C. § 1332(a) which provides a federal court with jurisdiction when the parties are from different states and the amount in controversy exceeds $75,000. *Id.* ¶ 3. Soon after removing the case, Mr. Duffy filed a motion to dismiss, or in the alternative, transfer venue. Def.'s Mot., ECF No. 5. Plaintiffs have opposed Mr. Duffy's motion and have also filed a motion to remand for lack of subject matter jurisdiction, or, in the alternative, motion to strike the notice of removal. Pls.' Mots., ECF Nos. 4, 6. Both parties' motions are opposed and ripe for disposition.

**II. Legal Standard**

A case filed in state court may be removed to a federal court if the case could have originally been brought there. 28 U.S.C. § 1441(a). The subject matter jurisdiction of federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Absent a federal question, diversity jurisdiction is required to establish that the case could have originally been filed in federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal court has diversity jurisdiction when: (1) there is complete diversity of citizenship among the parties--meaning no plaintiff is a citizen of the same state as any defendant; and (2) the "amount in controversy" is greater than $75,000. *See* 28 U.S.C. § 1332(a).

"The party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the W.*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005)(citations omitted). Because the removal statue is to be strictly construed, any ambiguities "concerning the propriety of removal" shall be construed in favor of remand. *Cefarrati v. JBG Properties, Inc.*, 75 F. Supp. 3d 58, 63 (D.D.C. 2014).

**III. Analysis**

**A. Motion to Remand for Lack of Subject Matter Jurisdiction**

Plaintiffs move to remand this case for lack of subject matter jurisdiction, arguing that Mr. Duffy fails to meet the requirements of 28 U.S.C. § 1332. Specifically, plaintiffs argue that the amount in controversy in this case does not exceed $75,000 as required under the statute. Pls.' Mot., ECF No. 4 at 6.[2] A court typically may dismiss a case for lack of jurisdiction based on an insufficient amount in controversy only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Bronner v. Duggan*, 249 F. Supp. 3d 27, 37 (D.D.C. 2017)(citation omitted). However, when a case has been removed to federal court, the Court must resolve

---

[2] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

6

any ambiguities as to whether the jurisdictional requirement is met in favor of remand. *Cefarrati*, 75 F. Supp. 3d at 63.

Plaintiffs seek to remove Mr. Duffy as trustee pursuant to D.C. Code § 19-1301, and therefore this case concerns injunctive relief. The value of injunctive relief for determining the amount in controversy can be calculated as either the benefit to the plaintiff "or the cost to the defendant." *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007)(citing *Comm. For GI Rights v. Callaway*, 518 F.2d 466, 472–73 (D.C. Cir. 1975)("the amount in controversy may be measured either by the 'value of the right sought to be gained by the plaintiff or the cost of enforcing that right to the defendant.")).

Plaintiffs point out that the basis for the jurisdictional amount in the Notice of Removal is Mr. Duffy's statement that "the assets of the Allision Fromm Family Trust are substantially in excess of [$75,000]." Pls.' Mot., ECF No. 4 at 6. Plaintiffs argue that because the amount of the Trust is not at issue in this case, the Trust amount is not an appropriate measure for determining the amount in controversy. *Id.* Mr. Duffy's response is not entirely clear, but he points to the fact that Ms. Fromm in her Complaint stated that she feared that Mr. Duffy would leave the country with the assets in the Trust. Def.'s Opp'n, ECF No. 8 at 2 (citing Compl., ECF No. 1-1 ¶ 41.). Because of this allegation, Mr. Duffy argues, plaintiffs have

"acknowledge[d] there is substantially more than $75,000 at issue" in this case. *Id.* Mr. Duffy also points to the $24,000 per annum commission he receives for his services vis-à-vis the Trust, which he stands to lose should plaintiffs' claims be resolved against him, as an alternative reason for why this suit clears the $75,000 hurdle. *Id.* at 2–3.

The Court agrees with plaintiffs that the amount in the Trust is not an adequate measure for the jurisdictional amount. An entitlement to the amount in the Trust is not disputed in this case, rather this case concerns solely Mr. Duffy's legal title as Independent Trustee. In other words, "[since] the equitable ownership of trust property is not at issue . . . plaintiffs' injunctive request does not place [that] amount in controversy." *In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 66 (3d Cir. 1994)("The mere request for removal of a trustee does not place the entire trust corpus into controversy."). The Court does not find persuasive Mr. Duffy's argument that since plaintiffs have stated that they are concerned that he may abscond with the funds in the Trust, the amount in the Trust should be considered. The resolution of this case simply has no bearing on the amount of money in the Trust, and those funds are not at issue in this case.

That is not the end of the inquiry, however. In his opposition to plaintiffs' motion, Mr. Duffy has argued that the

8

amount in profits he stands to lose should plaintiffs prevail well exceeds the statutorily required amount. Def.'s Opp'n, ECF No. 8 at 2-3. Future loss profits may serve as a measure for the jurisdictional amount provided the loss profits are supported by adequate documentation and are not speculative. *Cf. Wexler*, 496 F. Supp. 2d at 153 (holding diversity jurisdiction not established when defendant failed to submit supporting declaration or affidavits establishing cost of enforcement of injunction). Mr. Duffy has provided an affidavit swearing that he receives a minimum of $24,000 per year in commissions related to the Trust, and expects to receive these commissions for the foreseeable future. *See* ECF No. 8-1 ¶ 8. Indeed, Ms. Fromm in her complaint has confirmed that amount. Compl., ECF No. 1-1 ¶ 14. Therefore, the value of the "object of the litigation" in this case, Mr. Duffy's legal right to be Independent Trustee and the attendant commission, exceeds the amount in controversy requirement. *See Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977)(stating that in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation."). Because the cost to Mr. Duffy in this case is adequately supported by Mr. Duffy's affidavit, and that cost exceeds $75,000, the Court concludes that there is no ambiguity as to whether the amount in controversy requirement has been met. Accordingly, plaintiffs'

motion to remand for lack of subject matter jurisdiction is
**DENIED**.

### B. Motion to Strike Notice of Removal and Remand to the Superior Court of the District of Columbia

Plaintiffs move, in the alternative, to strike Mr. Duffy's notice of removal and to remand this case back to the Superior Court of the District of Columbia. *See* Pl.'s Mot., ECF No. 4 at 9-11. Plaintiffs move to strike Mr. Duffy's notice of removal on the basis that he is not a licensed attorney and therefore was not authorized to file the notice. *See* Pl.'s Mot., ECF No.4 at 9-11. In support of this argument, plaintiffs cite to 28 U.S.C. § 1654 which states that, in federal court, a non-attorney party may represent itself personally but may not represent another individual. *Id.*

Mr. Duffy does not contest the argument that a non-attorney may not represent the Trust, but argues that [r]ather than burden the Trust[] with the payment of additional legal fees, [he] has chosen to proceed *pro se*." Def.'s Opp'n, ECF No. 8 at 2. He further argues that although the complaint characterizes his behavior as a breach of fiduciary duty, the allegations are personal in nature and therefore he represents himself personally and not on behalf of the Trust. *Id.* at 4 Therefore, Mr. Duffy argues, it is proper for him to proceed *pro se*. *Id.*

Plaintiffs are correct that Mr. Duffy may not represent the Trust in federal court since he is not a licensed attorney. It is undisputed that Mr. Duffy is not licensed to practice law. *See id.* at 2 (conceding disbarment). It is also undisputed that, at least in federal court, a trust can only be represented by a licensed attorney. 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Courts have interpreted this statute to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust. *See Georgiades v. Martin-Trigona*, 729 F.2d 831, 835 (D.C. Cir. 1984)(stating individual who was not a member of the bar of any court may appear *pro se*, but is not qualified to appear as counsel for others); *see also Casares v. Wells Fargo Bank, N.A.*, 2015 WL 13679889 at *2 (D.D.C. May 4, 2015)(stating "plaintiff, who is proceeding *pro se*, cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney").

The Court agrees with plaintiffs that Mr. Duffy may not proceed as the attorney for the Trust in this case. Mr. Duffy's arguments that he is not representing the Trust in this case, but rather himself personally, is belied by the nature of this action. Plaintiffs sue Mr. Duffy in his capacity as Independent

11

Trustee of the Trust. See Compl., ECF No. 1-1. Plaintiffs invoke the UTC which allows removal of a trustee if, among other things, there is: (1) a serious breach of trust by the trustee; (2) unfitness of the trustee; or (3) unanimous request of removal by beneficiaries if there is a finding of the court that the removal of the trustee serves the interest of all beneficiaries and is not inconsistent with the material purpose of the trust. D.C. Code § 19-1307.06. In light of the fact that the resolution of the claims in this case require the Court to consider Mr. Duffy's alleged actions in relation to the Trust, the Court cannot agree that this case solely concerns his personal actions such that he could proceed *pro se*. Furthermore, any decision rendered by this Court affects not just Mr. Duffy's interests but the interests of all stakeholders of the Trust. *Cf. Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010)(stating non-attorney could appear *pro se* on behalf of an estate with no creditors or beneficiaries when the non-attorney was the only party affected by disposition of the suit).

   Because Mr. Duffy is unable to proceed in federal court, the Court will remand this case back to Superior Court. The Court notes that it relies solely on 28 U.S.C. § 1654, which limits the type of persons who may file *pro se* cases, solely to parties conducting their own cases. Mr. Duffy is unable to "plead and conduct" this suit on behalf of the Trust, because he

is not a licensed attorney. 28 U.S.C. § 1654. Accordingly, this case is **REMANDED** back to the Superior Court of the District of Columbia.[3]

**IV. Conclusion**

For the foregoing reasons the Court **DENIES** defendant's motion to dismiss and **GRANTS IN PART** plaintiff's motion to dismiss or in the alternative motion to strike. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**January 9, 2020**

---

[3] Court will also **DENY** Mr. Duffy's motion to dismiss, or in the alternative transfer venue, since he was unauthorized to file either motion under 28 U.S.C. § 1654.